JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

KOCHER'S WTAER PUMPS & TANKS INC. and JASON KOCHER

**DEFENDANTS**

SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST

**(b)** County of Residence of First Listed Plaintiff   NORTHAMPTON
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   NORTHAMPTON
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

JOHN P. KAROLY, III   (610) 437-1252
527 HAMILTON STREET, ALLENTOWN, PA 18101

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                  *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC SECTIONS 2201-2202

Brief description of cause:
DECLARATORY JUDGMENT

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
DECEMBER 11, 2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _____1818 Chardonnay Drive, Easton, PA 18045_____

---

***RELATED CASE IF ANY:***   Case Number: _____     Judge: _____

1. Does this case involve property included in an earlier numbered suit?      Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?      Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?      Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?      Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.      Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify):* _____

*B. Diversity Jurisdiction Cases:*

- ☒ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)* _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

Karoly Law Firm, LLC
John P. Karoly III, Esquire
I.D. No. 204531
527 Hamilton Street
Allentown, Pennsylvania 18101
(610) 437 – 1252

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KOCHER'S WATER PUMPS &amp;   |
TANKS INC.,   |
325 S. Hokendaqua Drive   |
Northampton, Pennsylvania 18067   |   No.
  |
JASON KOCHER   |
325 S. Hokendaqua Drive   |
Northampton, Pennsylvania 18067   |
  |
       Plaintiffs,   |
    v.   |
  |
SELECTIVE INSURANCE COMPANY   |
OF THE SOUTHEAST   |
40 Wantage Avenue   |
Branchville, New Jersey 07890   |
  |   Action for Declaratory Judgment
       Defendant.   |

## COMPLAINT IN ACTION FOR DECLARATORY JUDGMENT

NOW COME, the Plaintiffs, Kocher's Water Pumps &amp; Tanks Inc. and Jason Kocher, by and through their legal counsel, the Karoly Law Firm, LLC, and do hereby file the within Complaint In Action For Declaratory Judgment under 28 U.S.C. §§ 2201–2202, and in support thereof aver as follows:

### Introduction

1.  This is an action for a declaratory judgment concerning an actual, ripe dispute over Selective Insurance Company of the Southeast's ("Selective") refusal to defend and

indemnify Kocher's Water Pumps & Tanks Inc. ("Kocher's") and Jason Kocher ("Kocher") (collectively "Plaintiffs") in a pending civil action in the Court of Common Pleas of Northampton County, captioned *Michael Klitchko v. Kocher's Water Pumps & Tanks, Inc., et al.*, No. C-48-CV-2023-05174 (the "Underlying Action"). A true and correct copy of the said Complaint in the Underlying Action is attached hereto as Exhibit A.

2. Selective issued a liability policy that promises to defend Kocher's and its agents and employees against suits seeking damages because of "bodily injury."

3. The duty to defend and/or indemnify is triggered whenever the complaint potentially or arguably seeks covered damages.

4. The Underlying Action asserts, among other things, negligence-based claims, including Negligent Infliction of Emotional Distress ("NIED") ("Count Four", Exhibit A) and Vicarious Liability ("Count Five", Exhibit B), which, under Pennsylvania law, trigger a duty to defend and indemnify.

5. Selective has wrongfully denied coverage based on an overly narrow, outcome-oriented mischaracterization of the factual allegations, a misapplication of Pennsylvania's "four corners" rule, and an improper reliance on purported claims in the Underlying Action's Complaint.

6. Plaintiffs seek a judicial declaration that Selective must defend them in the Underlying Action and must indemnify them for any covered judgment or settlement, with liability for the same being specifically denied by Plaintiffs.

**Jurisdiction and Venue**

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

8. Selective is incorporated in, and has its principal place of business in, a state different from Plaintiffs, one being a Pennsylvania corporation with its principal place of business in the Commonwealth and another being an adult individual residing in the Commonwealth.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the insured risk is located in this District, Selective conducts business here, and the Underlying Action is pending in Pennsylvania.

10. Jurisdiction is proper with this Court in that the parties seek the resolution of an antagonistic claim, which will lead to imminent and inevitable litigation, whereby this action will be a practical help in ending the within stated insurance coverage controversy.

**Parties**

11. Plaintiff Kocher's Water Pumps & Tanks Inc. is a Pennsylvania Corporation with its principal place of business at 325 S. Hockendaqua Drive, Northampton, Northampton County, Pennsylvania 18067.

12. Plaintiff Jason Kocher is an adult individual with a business address at 325 S. Hockendaqua Drive, Northampton, Pennsylvania 18067.

13. Kocher's is in the business of maintaining, repairing and installing wells and well systems including pumps, tanks and filtration.

14. Defendant Selective Insurance Company of the Southeast is a business entity organized and existing under the laws of the State of New Jersey, which is engaged in the business of providing a wide range of standard and specialized insurance products for businesses and individuals through agencies in the Eastern and Southern United States, having their global headquarters at 40 Wantage Avenue, Branchville, New Jersey 07890.

**Insurance Policy**

15. Selective issued a commercial general policy Number S 2027366, effective for the policy period April 1, 2022 to April 1, 2023 ("Policy") where in the Insuring Agreement provides:

COVERAGE A — BODILY INJURY AND PROPERTY DAMAGE LIABILITY of the Policy provides, in relevant part:

1. Insuring Agreement
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
   (1) The amount we will pay for damages is limited as described in Section III — Limits Of Insurance; and
   (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments — Coverages A and B.
   b. This insurance applies to "bodily injury" and "property damage" only if:
   (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

16. The Policy contains an endorsement which amends the definition "bodily injury" to

read:

> 3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. This includes mental anguish resulting from any bodily injury, sickness or disease sustained by a person. (In New York, mental anguish has been determined to be "bodily injury").

17. The Policy contains an endorsement which amends the definition of "occurrence" to

read:

> 13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions and includes:
>    a.    "Property damage" to property that is not "your work" but is caused by "your work"; and
>    b.    "Your work" if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor and the "property damage" to "your work" is included in the "products-completed operations hazard."
> All other terms, conditions, provisions, and exclusions of the policy not changed by this endorsement shall continue to apply as written.

18. An insured person under the Policy provides in part:

> SECTION II — WHO IS AN INSURED
> 1. If you are designated in the Declarations as:
>                        * * * *
> d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
>                        * * * *
> 2. Each of the following is also an insured:
>
> a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited

liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

b.

## Pre-Discovery Allegations

### *The Underlying Action*

19. In the Underlying Action, Michael Klitchko alleges that Kocher's, through an employee, Jason Kocher, caused him bodily injury.

20. In addition to intentional tort allegations, the Complaint also asserts in the alternative, a negligence theory against Kocher, including Negligent Infliction of Emotional Distress (Count Four) ("NEID"). Exhibit A, pgs. 8-9.

21. Pennsylvania law requires insurers to consider all counts/claims and to construe them in favor of the duty to defend.

22. NIED is a negligence-based tort and, by definition, alleges an "occurrence" under the Policy.

23. This alone triggers the duty to defend Kocher in the Underlying Action as the allegations potentially fall within coverage.

24. The Underlying Action also asserts Vicarious Liability (Count Five) against Kocher's, which is a recognized basis for coverage, particularly where the complaint does not foreclose the possibility that the employee's conduct involved negligence, carelessness, recklessness, or an escalation of a business-related dispute. Exhibit A, pgs. 8-10.

25. Vicarious Liability is a negligence-based tort theory and, by definition, alleges an "occurrence" under the Policy.

26. The Complaint does *not* allege that Kocher's directed, intended, approved, or desired the injury; nor does it claim that Kocher's itself acted intentionally.

27. The Complaint's language is broad enough to include non-intentional, negligent, and/or reckless conduct—thereby triggering the duty to defend. See, i.e., <u>Exhibit A</u>, pg.9, ¶s43-44.

28. Michael Klitchko in the Underlying Action alleges "bodily injury" within the "coverage territory" as defined by the Policy.

*The April 2025 Court Order*

29. Kocher's, Jason Kocher and Melanie Kocher sought summary judgment in the Underlying Action based upon, among other things, that the claimed acts attributable to the Plaintiff Entity's employee were intentional acts and thus were not imputable to Plaintiffs in a civil action.

30. The trial court's April 2025 summary-judgment order in the Underlying Action dismissed claims only as to Melanie Kocher and did not eliminate any negligence-based theories potentially applicable to Kocher's and/or Kocher.

31. Therefore, the negligence-based theories of NEID and Vicarious Liability remain against Kocher and Kocher's are considered insurable under the terms of the policy.

*Selective's Coverage Position to Date*

32. Selective has repeatedly denied coverage based on its assertion that no "occurrence" under the language of the policy is alleged in the Underlying Action's Complaint.

33. Selective relies on the *Kvaerner* and *Gene's Restaurant* line of cases, mischaracterizing them as creating a categorical bar to coverage for any claim involving an altercation that claiming intentionality.

34. Selective' s forestated reliance is legally incorrect and contrary to how Pennsylvania courts apply the duty to defend.

35. Selective also improperly relies on extrinsic evidence, despite Pennsylvania's strict adherence to the "four corners" rule.

36. Critically, Selective improperly disregards the negligence-based allegations in the Complaint in the Underlying Action, including the NEID and Vicarious Liability counts, which are sufficient to allege an "occurrence."

37. As a result, Selective has breached its duty to defend and indemnify, and has wrongfully denied its contractual obligations.

## COUNT I – DECLARATORY JUDGMENT
### Duty to Defend

38. Plaintiffs incorporate the preceding paragraphs 1 through 37 as if the same were set forth at length herein.

39. Under Pennsylvania law, the duty to defend is broader than the duty to indemnify.

40. A duty to defend exists when the theories of recovery in the Complaint may potentially be covered, even if some allegations fall outside coverage.

41. The Underlying Action includes negligence-based allegations that constitute an "occurrence" under the language of the Policy.

42. The Policy contains no exclusion barring coverage for negligent infliction of emotional distress or vicarious liability.

43. Selective has a present and continuing duty to defend Kocher and Kocher's in the Underlying Action.

44. Selective refuses to provide a defense.

45. An actual and substantial controversy exists, and declaratory relief is appropriate.

**WHEREFORE**, the Plaintiffs, Kocher's Water Pumps & Tanks Inc. and Jason Kocher, respectfully request that this Honorable Court enter a Declaratory Judgment in their favor and against Selective, specifically finding and holding that Selective has an obligation to defend Plaintiffs in the Underlying Action and award such other relief this Court deems appropriate.

## COUNT II – DECLARATORY JUDGMENT
### Duty to Indemnify

46. Plaintiff incorporates the preceding paragraphs 1 through 45 as if the same were set forth at length herein.

47. To the extent that the Underlying Action seeks damages that fall within the Policy's coverage, Selective is obligated to indemnify Kocher and Kocher's for any settlement, verdict, or judgment.

48. Selective disputes any indemnity obligation.

49. A present and actual controversy exists between the parties.

**WHEREFORE**, the Plaintiffs, Kocher's Water Pumps & Tanks Inc. and Jason Kocher respectfully request that this Honorable Court enter a Declaratory Judgment in their favor and against Selective specifically finding and holding that should a judgment be entered against one or both of said Plaintiffs that Selective has an obligation to indemnify Plaintiffs in the Underlying Action and award such other relief this Court deems appropriate.

## COUNT III – Breach of Contract

50. Plaintiff incorporates the preceding paragraphs 1 through 49 as if the same were set forth at length herein.

51. Kocher's entered into an agreement with Selective wherein Kocher's would pay premiums and Selective would provide insurance coverage to Kocher's.

52. To that end, Kocher's made its premium payments and Selective agreed to provide coverage for any and all insurable events under its Policy.

53. The Policy is a valid and enforceable contract.

54. Kocher's has fully complied with all conditions precedent to receiving coverage under the terms of the Policy.

55. Selective's refusal to defend and indemnify constitute breaches by it of the agreement between the parties and the terms of the Policy.

56. Kocher's has suffered damage, including:

    a.  defense costs and fees in the Underlying Action,

    b.  legal costs and costs associated with this Action;

    c.  lost coverage benefits, and

    d.  consequential damages.

**WHEREFORE**, the Plaintiff, Kocher's Water Pumps & Tanks Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Selective in an amount in excess of the jurisdictional limits for this Court.

Respectfully Submitted:
KAROLY LAW FIRM, LLC

Dated: December 11, 2025                 BY: _____

John P. Karoly III, Esquire
Pa. I.D. No. 204531
527 West Hamilton Street
Allentown, PA 18101
(610) 437 – 1252
(610) 437 – 3738 (facsimile)
jp.karoly@karolyfirm.com
Attorneys for Plaintiffs

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

Northampton _____ County

| For Prothonotary Use Only: |
|---|
| Docket No: **C-48-CV-2023-5174** |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Michael Klitchko | Kocher's Water Pumps & Tanks, Inc. |

Are money damages requested?  ☒ Yes   ☐ No

Dollar Amount Requested: (check one)   ☐ within arbitration limits   ☒ outside arbitration limits

Is this a *Class Action Suit*?  ☐ Yes  ☒ No       Is this an *MDJ Appeal*?  ☐ Yes  ☒ No

Name of Plaintiff/Appellant's Attorney: Deepak Sharma

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
- ☒ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- _____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

**EXHIBIT A**

*Updated 1/1/2011*



**THE SHARMA LAW OFFICE LLC**
Deepak Sharma, Esquire
Attorney I.D. No. 310214
227 S. 7th Street
Easton, PA  18042
Phone: 610-810-5090
Fax:    610-549-6582
deepak@thesharmalawoffice.com
*Attorney for Plaintiff*

### IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PA
### CIVIL DIVISION

| | | |
|---|---|---|
| MICHAEL KLITCHKO | : | NO. C-48-CV-2023-5174 |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| KOCHER'S WATER PUMPS & TANKS, INC., | : | |
| JASON KOCHER | : | |
| and MELANIE KOCHER | : | |
| Defendants. | : | |

### NOTICE TO DEFEND

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a Judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

1

## NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5.    Cover Sheet**

(a)(1)   This rule shall apply to all actions governed by the rules of civil procedure except the following:

(i)        actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

(ii)       actions for support, Rules 1910.1 et seq.

(iii)      actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

(iv)      actions for divorce or annulment of marriage, Rules 1920.1 et seq.

(v)       actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

(vi)      voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)      At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)      The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)      The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)      A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)      The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet.  The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Bar Association of Northampton County**
**Lawyer Referral Service**
**155 S. 9th St., Easton, PA 18042**
**Telephone:  (610) 258-6333**

**THE SHARMA LAW OFFICE LLC**
Deepak Sharma, Esquire
Attorney I.D. No. 310214
227 S. 7th Street
Easton, PA 18042
Phone: 610-810-5090
Fax:    610-549-6582
deepak@thesharmalawoffice.com
*Attorney for Plaintiff*



### IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PA
### CIVIL DIVISION

MICHAEL KLITCHKO           :
              Plaintiff,   :   NO. C-48-CV-2023-5174
                                 :

vs.                        :
                                 :

JASON KOCHER,              :
MELANIE KOCHER             :
and KOCHER'S WATER PUMPS & TANKS, INC.:
                                 :
              Defendants.   :

### CIVIL COMPLAINT

Plaintiffs Michael Klitchko ("Plaintiff"), by and through his undersigned counsel, brings this Complaint against Defendants, Jason Kocher, Melanie Kocher and Kocher's Water Pumps & Tanks, Inc. ("Kocher's Water Pumps & Tanks") (collectively, "Defendants"), and in support thereof, aver as follows:

### PARTIES

1.      Plaintiff is an adult individual residing at 1818 Chardonnay Drive, Easton, Pennsylvania 18045.

2.      At all relevant times, Plaintiff operated a construction contracting business.

3.      Defendant Jason Kocher is an adult individual residing at 2786 West Beersville Road, Bath, Pennsylvania 18014.

4.      Defendant Melanie Kocher is an adult individual residing at 2786 West Beersville Road, Bath, Pennsylvania 18014.

5.      Defendant Kocher's Water Pumps & Tanks is a business entity authorized to operate in the Commonwealth of Pennsylvania with a principal business address at 325 S. Hokendaqua Drive, Northampton, Pennsylvania 18067.

6.      At all relevant times, Defendant Jason Kocher and Defendant Melanie Kocher have owned, operated and managed Defendant Kocher's Water Pumps & Tanks, which is a construction subcontracting business.

<b><u>FACTS</u></b>

7.      Plaintiff hired Defendant Kocher's Water Pumps & Tanks as a subcontractor for a construction project.

8.      Plaintiff's sole intermediary with Defendant Kocher's Water Pumps & Tanks was Defendant Melanie Kocher.  Plaintiff previously never met or had any interaction with Defendant Jason Kocher.

9.      Due to circumstances beyond his control, Plaintiff was allegedly unable to pay Defendant Kocher's Water Pumps & Tanks for the alleged outstanding balance on services performed on the project.

10.      Thereafter, Defendant Melanie Kocher attempted to contact Plaintiff regarding the alleged outstanding debt.

11.      Upon information and belief, Defendant Kocher's Water Pumps & Tanks subsequently initiated legal proceedings to secure a monetary judgment against Plaintiff and/or his business.

12.    On December 29, 2022, without invitation or prior notification, **Defendant Jason Kocher** went to Plaintiff's residence and confronted him regarding the alleged outstanding debt.

13.    Defendant Jason Kocher arrived at Plaintiff's home in his company vehicle during business hours.

14.    Defendant Jason Kocher unlawfully entered Plaintiff's residence, after which, Plaintiff called 911.

15.    Following a verbal exchange, Defendant Jason Kocher sucker punched Plaintiff in the face, knocking him to the ground.

16.    Moments later, the police arrived in response to the 911 call.

17.    The police officers observed Plaintiff's left eye was bleeding and called an ambulance.

18.    Defendant Jason Kocher was taken into custody, arrested, and criminally charged for perpetrating the attack.

19.    The aforesaid attack by Defendant Jason Kocher was in no way instigated or otherwise caused by any act or omission by Plaintiff.

20.    Defendant Jason Kocher acted with intent to inflict serious bodily injury upon Plaintiff and was not acting in self-defense.

21.    As a result, Plaintiff has suffered serious and permanent injuries and damages, including eye damage.

22.    The attack caused Plaintiff to suffer acute physical pain, impaired vision, anger, embarrassment, fear and anxiety.

23.     At all relevant times, Defendant Jason Kocher and Defendant Melanie **Kocher acted** as agents of Defendant Kocher's Water Pumps & Tanks, within the course and scope of said agency.

24.     As a direct and proximate result of the aforesaid attack, Plaintiff has suffered and continues to suffer significant injuries and damages including without limitation physical pain, mental anguish, emotional disturbance, fear, anxiety, embarrassment, and humiliation, in addition to significant financial loss for past/future medical expenses, past/future wage loss, and related expenses, which may be permanent in nature.

### COUNT ONE – ASSAULT AND BATTERY
Plaintiff v. Defendant Jason Kocher

25.     Plaintiff incorporates by reference the allegations set forth in the foregoing paragraphs of this Complaint as though the same were set forth at length herein.

26.     Defendant Jason Kocher perpetrated assault and battery upon Plaintiff by violently punching Plaintiff in the face without Plaintiff's consent and with intent to harm Plaintiff.

27.     The aforesaid attack by Defendant Jason Kocher constituted unlawful touching of Plaintiff with intent to cause harm.

28.     The aforesaid attack by Defendant Jason Kocher was willful, wanton, reckless, and reflected conscious disregard of Plaintiff's health, safety, and wellbeing.

29.     As described above, Plaintiff has suffered significant harm, including physical and mental injuries, and related damages as a direct and proximate result of Defendant Jason Kocher's tortious conduct.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendant Jason Kocher, for compensatory damages in an amount exceeding Fifty Thousand Dollars ($50,000.00),

6

plus punitive damages, interest, costs, fees, and all other relief which this Honorable Court may deem to be just and proper.

### COUNT TWO – CONSPIRACY
Plaintiff v. Defendant Jason Kocher and Defendant Melanie Kocher

30.     Plaintiff incorporates by reference the allegations set forth in the foregoing paragraphs of this Complaint as though the same were set forth at length herein.

31.     Prior to perpetrating the attack, Defendant Jason Kocher agreed with Defendant Melanie Kocher to violently confront Plaintiff due to the alleged outstanding debt.

32.     The aforesaid attack by Defendant Jason Kocher was perpetrated in pursuit of that common purpose with Defendant Melanie Kocher.

33.     Defendant Jason Kocher and Defendant Melanie Kocher were co-conspirators who were acting with the common requisite intent to harm Plaintiff.

34.     As described above, Plaintiff has suffered significant harm, including physical and mental injuries, and related damages as a direct and proximate result of Defendant Jason Kocher's and Defendant Melanie Kocher's tortious conduct.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendant Jason Kocher and Defendant Melanie Kocher, individually, jointly and/or severally, for compensatory damages in an amount exceeding Fifty Thousand Dollars ($50,000.00), plus punitive damages, interest, costs, fees, and all other relief which this Honorable Court may deem to be just and proper.

### COUNT THREE – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
Plaintiff v. Defendant Jason Kocher and Defendant Melanie Kocher

35.     Plaintiff incorporates by reference the allegations set forth in the foregoing paragraphs of this Complaint as though the same were set forth at length herein.

36.     The aforesaid attack by Defendant Jason Kocher was outrageous and perpetrated with intent to cause Plaintiff to suffer severe emotional distress, mental anguish, and fear.

37.     The aforesaid attack by Defendant Jason Kocher was perpetrated with knowledge that it would cause Plaintiff to suffer severe emotional distress, mental anguish, and fear.

38.     The aforesaid attack by Defendant Jason Kocher was willful, wanton, reckless, and reflected conscious disregard of Plaintiff's health, safety, and wellbeing.

39.     The aforesaid attack by Defendant Jason Kocher amounted to reckless indifference as to the extreme harm that would be caused by his outrageous acts.

40.     The aforesaid attack by Defendant Jason Kocher was so extreme and outrageous as to allow Plaintiff to recover damages for the severe emotional and physical distress and mental anguish he has suffered as a direct and proximate result thereof.

41.     As described above, Plaintiff has suffered significant harm, including physical and mental injuries, and related monetary damages as a direct and proximate result of Defendant Jason Kocher's and Defendant Melanie Kocher's tortious conduct.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendant Jason Kocher and Defendant Melanie Kocher, individually, jointly and/or severally, for compensatory damages in an amount exceeding Fifty Thousand Dollars ($50,000.00), plus punitive damages, interest, costs, fees, and all other relief which this Honorable Court may deem to be just and proper.

### COUNT FOUR – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
Plaintiff v. Defendant Jason Kocher and Defendant Melanie Kocher

42.     Plaintiff incorporates by reference the allegations set forth in the foregoing paragraphs of this Complaint as though the same were set forth at length herein.

43.     Alternatively, the aforesaid attack by Defendant Jason Kocher was perpetrated negligently, carelessly, and/or recklessly, and caused Plaintiff to suffer severe emotional distress, mental anguish, and fear.

44.     The negligence, carelessness, and/or recklessness of Defendant Jason Kocher consisted of the following:

    a)  Assaulting and battering Plaintiff;

    b)  Failing to conduct himself in a safe and reasonable manner;

    c)  Failing to exercise due care and regard for Plaintiff's health, safety, and wellbeing;

    d)  Negligence and recklessness at law; and

    e)  Such other acts or missions constituting negligence and/or recklessness as may be ascertained through discovery or as may be demonstrated by the evidence at the trial of this case.

45.     The aforesaid attack by Defendant Jason Kocher was so extreme and outrageous as to allow Plaintiff to recover damages for the severe emotional and physical distress and mental anguish they have suffered as a direct and proximate result thereof.

46.     As described above, Plaintiff has suffered significant harm, including physical and mental injuries, and related damages as a direct and proximate result of Defendant Jason Kocher's and Defendant Melanie Kocher's tortious conduct.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendant Jason Kocher and Defendant Melanie Kocher, individually, jointly and/or severally, for compensatory damages in an amount exceeding Fifty Thousand Dollars ($50,000.00), plus punitive damages, interest, costs, fees, and all other relief which this Honorable Court may deem to be just and proper.

## COUNT FIVE – VICARIOUS LIABILITY
### Plaintiff v. Defendant Kocher's Water Pumps & Tanks

47.     Plaintiff incorporates by reference the allegations set forth in the foregoing paragraphs of this Complaint as though the same were set forth at length herein.

48.     Defendant Kocher's Water Pumps & Tanks is vicariously liable for the aforesaid attack and tortious conduct perpetrated by its agents, Defendant Jason Kocher and Defendant Melanie Kocher, who were acting within the course and scope of said agency.

49.     As described above, Plaintiff has suffered significant harm, including physical and mental injuries, and related damages as a direct and proximate result of Defendant Jason Kocher's and Defendant Melanie Kocher's tortious conduct, for which Defendant Kocher's Water Pumps & Tanks is vicariously liable.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendants, individually, jointly and/or severally, for compensatory damages in an amount exceeding Fifty Thousand Dollars ($50,000.00), plus punitive damages, interest, costs, fees, and all other relief which this Honorable Court may deem to be just and proper.

## COUNT SIX – PUNITIVE DAMAGES
### Plaintiffs v. Defendants

50.     Plaintiffs incorporate by reference the allegations set forth in the foregoing paragraphs of this Complaint as though the same were set forth at length herein.

51.     The aforesaid acts by Defendants were unconscionable, intentional, wanton, outrageous, reckless, negligent, oppressive, malicious, and so utterly in disregard of Plaintiff's rights, health, safety, and wellbeing, that punitive damages are warranted.

52.     As a direct and proximate result of the aforesaid acts by Defendants, Plaintiff has suffered and will continue to suffer significant harm, including physical and mental injuries, and

related damages including, but not limited to monetary loss, time and resources incurred to pursue this legal action, and peace of mind, as well as inconvenience, harassment, annoyance, and other losses.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants, individually, jointly and/or severally, for compensatory damages in an amount exceeding Fifty Thousand Dollars ($50,000.00), plus punitive damages, interest, costs, fees, and all other relief which this Honorable Court may deem to be just and proper.

Respectfully submitted,

**THE SHARMA LAW OFFICE LLC**

Deepak Sharma, Esquire

Dated: July 24, 2023

11

## **VERIFICATION**

I verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

Michael Klitchko

Dated: July 20, 2023

11

CERTIFICATE OF COMPLIANCE – CONFIDENTIAL INFORMATION FORM

The undersigned certifies that this filing complies with the provisions of the Public Access Policy of the United Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that requires filing confidential information and documents differently than non-confidential information and documents.

Submitted by: The Sharma Law Office LLC

Signature:    _/s/ Deepak Sharma___

Attorney:    Deepak Sharma, Esquire

Attorney No.: 310214